UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JEFFREY RICHARD VALADE, by
its Personal Representative, RICHARD H.
VALADE,

        Case number 02-70657

        Plaintiff,        Honorable Julian Abele Cook, Jr.

v.

DUTCH MAID LOGISTICS, INC., ET AL.,

        Defendant.

## ORDER

On March 25, 2005, the Plaintiff, the Estate of Jeffrey Richard Valade, through its Personal Representative, Richard H. Valade ("the Estate"), filed a motion in which it asked the Court to reconsider its decision to affirm an Order by a magistrate judge who struck its writ of garnishment against the United Ohio Insurance Company ("United Ohio"). For the reasons that are stated below, the Court rejects the Estate's motion and affirms the Order.

I.

The standard of review for a motion for reconsideration in this district is governed by E.D. Mich. LR 7.1(g)(3), which reads:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In this context, a "palpable defect" is defined as an obvious, clear, unmistakable, manifest, or plain deficiency. WEBSTER'S NEW WORLD DICTIONARY 974 (3rd Ed. 1988); WEBSTER'S NEW WORLD THESAURUS 544 (Rev. Ed. 1985). Thus, the defect in the challenged order must be evident to an objective reader and not subject to any reasonable dispute. .

## II.

The principal argument by the Estate is that the Court incorrectly interpreted the word "proceed" to mean "litigate" in an Ohio Court of Appeals opinion. The March 15, 2005 Order, which has been challenged by the Estate in this motion, stated, in relevant part:

> [T]here is no known authority that allows an injured party to file a writ of garnishment against the insurer once a judgment has been entered against the insured. In *Chitlik v. Allstate Ins. Co.*, 299 N.E.2d 295 (Ohio Ct. App. 1973), the case upon which the Estate principally relies, the Ohio Court of Appeals stated: "The injured party may, of course, *proceed* against the insurer after obtaining judgment against the insured under [applicable Ohio law.]" *Id.* at 298 (emphasis added). This Court reads the word, "proceed," as meaning "litigate." Putting it somewhat differently, this Court does not interpret this sentence from *Chitlik* as authorizing an aggrieved party, such as the Estate, to merely serve a writ of garnishment - without the proper legal predicate - as a method of satisfying a judgment. Thus, the magistrate judge did not err in upholding United Ohio's objections to the writ.

Order of Mar. 15, 2005 at 5. The Estate cites the Oxford English Dictionary and Black's Law Dictionary to demonstrate that "proceed" should have a more expansive definition than merely "litigate." The Estate argues that because it served a writ of garnishment on United Ohio, it "proceed[ed]" in a manner that was consistent with the use of the term by the *Chitlik* court.

This argument is without merit. Notwithstanding the definition of "proceed" proffered by the Estate, the applicable Ohio law cited by *Chitlik* court is OHIO REV. CODE ANN. 3929.06. This statute is entitled, "Liability insurance applied to satisfaction of final judgment; supplemental complaint; coverage defenses," and reads in relevant part:

2

> If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
>
> If, within thirty days after the entry of the final judgment..., the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment *a supplemental complaint against the insurer seeking the entry of a judgment* ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

*Id.* (emphasis added).  A fair reading of the statute authorizes the Estate, as the judgment creditor, to file a separate action against United Ohio in order to satisfy its judgment against Moore, the insured.  Thus, the word "proceed" in the context of *Chitlik* means "litigate."  Significantly, nothing in the statute or in *Chitlik* authorizes the Estate to serve a writ of garnishment as a primary method of satisfying a judgment.

As noted in the previous Order, the Estate has already filed a separate action to determine whether United Ohio owes a defense and coverage to Moore.  *See Estate of Valade v. United Ohio Ins. Co.*, E.D. Mich. Case No. 04-73948.  Although United Ohio is not a named defendant in this case, it is a defendant in this separate action.[1]  In the absence of any legal determination that the

---

[1] United Ohio is also a party in two other cases which may resolve the issue of whether United Ohio owes insurance coverage to Moore: *United Ohio Ins. Co. v. Moore, et al.,* N.D. Ohio Case No. 04-2246 and *United Ohio Ins. Co. v. Moore, et al.,* Crawford County Common Pleas Case No. 04 CV 447.

Estate owes a defense and coverage to Moore, the writ of garnishment is not the appropriate mechanism for satisfaction of the judgment that was entered under the present circumstances.[2]

Based on a review of the record, the Court concludes that the Estate has not identified a "palpable defect" which would result in a different disposition of this case.[3] Accordingly, its motion for reconsideration must be, and is, denied. The Order of the magistrate judge is affirmed, and the writ of garnishment is stricken without prejudice.

IT IS SO ORDERED.

DATED:	June 2, 20050	s/ Julian Abele Cook, Jr.
	Detroit, Michigan	JULIAN ABELE COOK, JR.
	 	United States District Judge

---

[2]The Court also notes that the writ of garnishment improperly named United Ohio as a defendant in this action.

[3]The Estate correctly points out that the Court incorrectly stated the policy limits of the insurance contract between United Ohio and Moore. Under Michigan law, the minimum amount of coverage that must be maintained is $20,000 per person or $40,000 per accident, not "$12,500 per person and $25,000 per accident," as the Order of March 15, 2005 indicated. Nevertheless, this mistake is (1) not material to the issue of whether the writ of garnishment should be stricken and (2) certainly not a palpable defect which would result in a different disposition of this case.

<u>Certificate of Service</u>

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2005.

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk
